IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **ANN MARIE HARVEY** <br> 3518 Glenmore Ave, <br> Baltimore, MD, 21206 <br><br> Plaintiff, <br><br> vs. <br><br> **ENOCH PRATT FREE LIBRARY.** <br> 400 Cathedral Street. <br> Baltimore, MD, 21201 <br><br> and <br><br> **MAYOR AND CITY COUNCIL OF BALTIMORE** <br> 100 North Holiday Street <br> Baltimore. MD, 21204 <br><br> Defendants. | Case No.: _____ |

## COMPLAINT & JURY DEMAND

**NOW COMES**, Plaintiff Ms. Ann Marie Harvey, by and through her undersigned attorneys, George A. Rose, Esquire, and Rose Law Firm, LLC, and sues Enoch Pratt Free Library, for employment race, national origin, and age, discrimination, and retaliation. In support of her cause of action plaintiff state to this Honorable Court:

### I.   PRELIMINARY STATEMENT

1. This is action for declaratory, injunctive, monetary and other appropriate relief against Enoch Pratt Free Library. Plaintiff, Ms. Harvey, seeks to redress intentional violations by Enoch Pratt Free Library, of rights secured to her by the laws of the United States and the State of Maryland.  This action arises for: (1) employment national origin, age, and race, discrimination, and retaliation in violation of Title VII of the Civil Rights Act of *1964* § 7, 42 U.S.C. § 2000e et

1

seq. (*1964*). ("Title VII"), and the Civil Rights Act of 1866 ("Section 1981"), as amended, 42 U.S.C.§ 1981; and, (2) age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 et seq.

## II. PARTIES

2. At all times relevant hereto, plaintiff, Ms. Harvey (hereinafter "Plaintiff" or "Ms. Harvey") is a African American female citizen of the United States of America, who is of Jamaican national origin and background. Ms. Harvey resides in Baltimore, Maryland. At all times relevant to this case, Plaintiff was more than 40 years old.

3. At all times relevant hereto, Defendant Enoch Pratt Free Library, (hereinafter "Defendant Enoch Pratt") has continuously been the public library system in the City of the Baltimore in the State of Maryland. Defendant Enoch Pratt has its principal place of business at 400 Cathedral Street Baltimore, MD, 21201. At all times pertinent hereto, Defendant Enoch Pratt employed Plaintiff as a Library Supervisor I at its Waverly Branch.

4. At all relevant times, Defendant Mayor and City Council of Baltimore ("Defendant Baltimore City") has continuously been a city government in the State of Maryland. (Collectively Defendants Enoch Pratt and Defendants Baltimore City are hereinafter referred to as "Defendants").

## III. JURISDICTION

5. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 42 U.S.C. § 12117, and 29 U.S.C. § 1132(e), all of which provide for original jurisdiction of plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

## IV. VENUE

6. Venue is proper in this district under 28 U.S.C. *§1391(a)(2),* and *§1391(b)(2)* because Enoch Pratt is located in this district and the events or omissions giving rise to this claim

occurred in this district. Also, venue is proper in this district because the alleged unlawful employment practices were committed in this district, and the employment records relevant to the alleged unlawful employment practices are maintained and administered in this district.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On or about December 17, 2019, Ms. Harvey filed a Charge of Discrimination against Defendants, with the U.S. Equal Employment Opportunity Commission (EEOC), Charge No.: 531-2020-00675. On or about December 31, 2019, the EEOC issued Ms. Harvey a Notice of Right To Sue. Ms. Harvey has, therefore, exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

## VI. FACTUAL ALLEGATIONS PERTINENT TO ALL COUNTS

8. On or about March 10, 1997 Plaintiff was hired by Defendants as a Librarian. Since December 2002, Plaintiff had been working as a Librarian Supervisor I at Defendants' Waverly branch, before Plaintiff was improperly transferred to Defendants' Lake Clifton branch.

9. At all time during Plaintiff's employment, Plaintiff performed her job satisfactorily and consistent with the legitimate expectation of Defendants. Plaintiff has never failed a performance evaluation.

10. On August 10, 2016, Plaintiff filed a charge of discrimination against Respondent alleging discrimination. Plaintiff's EECO charge of discrimination became the basis of a lawsuit that was filed by the EEOC on behalf of Plaintiff against Defendants in September 2017. (U.S. Equal Employment Opportunity Commission vs. Enoch Pratt Free Library, et al., Case No. 7-cv-02860-SAG). At all times relevant this case remains in litigation.

11. On or about October 25, 2017, the then HR manager, Eunice Anderson, reprimanded Plaintiff on allegations that Plaintiff was insubordinate to Defendants' CEO Heidi

Daniel, at a staff meeting on October 24, 2017. Ms. Anderson alleged that Plaintiff's "question regarding staffing and the tone of voice were disrespectful, harsh, and inappropriate."

12. In July 2018, Plaintiff received a written disciplinary action from Ms. Anderson pertaining Plaintiff's alleged insubordinate actions towards Ms. Daniel. Although the allegations of insubordinate conduct towards Ms. Daniel was alleged against all managers present at the meeting, Plaintiff was the only one targeted for written disciplinary action.

13. In October 2018, Defendants' new HR manager, Ms. Robin Moran reissued or upgraded the written disciplinary action against Plaintiff pertaining to the October 2017 alleged insubordination toward Ms. Daniel. Consequently, Plaintiff reported this action to Maria Salacuse at the EEOC as a retaliatory action.

14. In early September 2019, Defendants assigned a new custodial staff, Ms. Nicholson to the Waverly branch.

15. In late September 2019 Plaintiff sent an email to Ms. Moran, Chief of Neighborhood Library Services, Mr. Herbert Malveaux, and Group Supervisor Zandra Campbell, reporting that Ms. Nicholson was insubordinate, and had verbally attacked Plaintiff. Plaintiff requested intervention. Plaintiff received no response from her superiors, except that Mr. Malveaux sent an email to Plaintiff stating that Ms. Nicholson would not return to the Waverly branch.

16. On or about September 28, 2019, Plaintiff observed a female staff member, who is a minor, talking with security officer, Ms. Little-Staten. After inquiring, Plaintiff learned that the minor staff was discussing an incident where the minor staff alleged that an elderly male staff member had made inappropriate advances or communications with the minor staff, including by asking her out.

17. On or about September 30, 2019, Plaintiff cautioned Officer Little-Staten not to interfere in the investigation of the alleged incident involving the minor staff, and to allow Plaintiff to investigate and report the alleged incident appropriately. Plaintiff scold Ms. Little-Staten because Ms. Little-Staten had knowledge of the alleged incident weeks earlier and did not report it to Plaintiff. However, Officer Little-Staten ignored Plaintiff's directive and later brought the alleged wrongdoer to Plaintiff's office and insisted that Plaintiff discuss the alleged incident with Mss. Little-Staten and the alleged wrongdoer. Plaintiff declined and asked officer Little-Staten to leave Plaintiff's office. As a result, Plaintiff sent an email to Plaintiff's superiors reporting and complaining about Officer Little-Staten's actions and requesting immediate intervention.

18. On or about October 7, 2019, Plaintiff met with Ms. Moran, Mr. Malveaux, and Ms/ Campbell. The meeting was requested by Plaintiff arising from the Plaintiff's September 2019 reporting of the insubordinate action of the custodial worker, the matter of Ms. Little-Staten inappropriate intervention in the incident involving the minor staff, and several staffing issues at Waverly.

19. The October 7, 2019 meeting, however, did not address the matters that Plaintiff had requested the meeting to address. Instead, at the meeting, Ms. Moran berated Plaintiff's management style and alleged that Plaintiff was a "bully" and a "tyrant". Ms. Moran also alleged various reports of complaints by Plaintiff's subordinates against Plaintiff. Prior to this meeting, Plaintiff was never notified or counseled about any reports or complaints against Plaintiff by Plaintiff's subordinates.

20. At the end of the meeting, Plaintiff was humiliated and embarrassed. Plaintiff's integrity, character, and work ethics were attacked by her superiors throughout the meeting. At the end of the meeting Ms. Moran told Plaintiff that Plaintiff must not return to Waverly and instead

should take "some time" to "figure out" what Plaintiff wanted to do. As a result, Plaintiff immediately sought the intervention of Defendants' Employee Assistance Program (EAP) to cope with the situation. Plaintiff also took FMLA leave to seek medical attention after Plaintiff was physically and emotionally shocked and became distraught by what occurred at the October 7, 2019 meeting.

21. On or about October 22, 2019, Ms. Moran communicated to Plaintiff that Plaintiff should not return to work from FMLA on November 23, 2019 as planned, but instead to return on November 25, 2019, because: "That way we can all meet again to close the loop on our previous discussion. At that time, we'd also like to create a Professional Improvement Plan that will illustrate expectations as well as resources that will help you meet these expectations."

22. On October 30, 2019, the court denied the parties motion and cross motion for summary judgment in U.S. Equal Employment Opportunity Commission vs. Enoch Pratt Free Library, et al., Case No. 7-cv-02860-SAG, and on November 6, 2019 issued a trial schedule in that case.

23. On or about November 25, 2019, Ms. Moran asked Plaintiff to resign and Plaintiff declined to resign.

24. On December 3, 2019, Plaintiff returned to work from FMLA leave and first met with Ms. Moran. Plaintiff was immediately placed on a Performance Improvement Plan and immediately transferred to Defendants' Lake Clifton branch, a smaller branch than Waverly, where Plaintiff will less likely to further develop, acquired, and apply Plaintiff's librarian skills and expertise. The transfer also limits, if not bars, Plaintiff's from opportunities for promotion with Defendant. Plaintiff was also barred from entering the Waverly branch without prior approval and an escort. Defendants' employee, Kalyn Shields, who is Caucasian American and in her early 30s,

a Librarian II, and Neelam Prasad, who is an Asian American in her early 30s, a Librarian Supervisor, replaced Plaintiff at Waverly.

## VII.   COUNT ONE
**(National Origin Discrimination in Violation of Title VII & Section 1981)**

25. Ms. Harvey incorporates all preceding and following paragraphs hereto, as though fully set forth herein, and further alleges that at all times relevant hereto Plaintiff was subjected to national origin employment discrimination by Defendants.

26. Defendants intentionally, with malice and reckless indifference to federal, state and local laws prohibiting national origin discrimination in employment, discriminated against Plaintiff and treated Plaintiff less favorably than similarly situated employees who were not of Jamaican national origin and background.

27. Plaintiff reasonably believes that the actions to place Plaintiff on a PIP and to transfer Plaintiff and to ban Plaintiff from entering the Waverly branch are discriminatory based on national origin animosity against Plaintiff, as an American of Jamaican national origin and background.

28. Defendants had actual and/or constructive knowledge of the national origin motivated discriminatory treatment against Plaintiff, and not only failed to take prompt and adequate remedial action but instead, condoned the discriminatory treatment of Plaintiff based on her national origin.

29. As a direct, foreseeable, and proximate result of Defendants' unlawful actions, and specifically Defendants' national origin motivated discriminatory disparate treatment, Plaintiff has suffered, loss of income, denial of promotion, anxiety, emotional distress, humiliation, shame, and embarrassment.

WHEREFORE, Plaintiff prays judgment against the Defendants, in the amount of three hundred thousand dollars ($300,000.00), plus her attorney's fees, cost of suit incurred, and for other and such further relief as may be deemed just and appropriate.

## VIII.   COUNT TWO
### (Race Discrimination in Violation of Title VII & Section 1981)

30. Ms. Harvey incorporates all preceding and following paragraphs hereto, as though fully set forth herein, and further alleges that at all times relevant hereto Plaintiff was subjected to race discrimination by Defendants because of Plaintiff's race and color as an African American.

31. Defendants intentionally, with malice and reckless indifference to federal, state and local laws prohibiting race discrimination in employment, discriminated against Plaintiff and treated Plaintiff less favorably than similarly situated employees who were not of the African or Black race.

32. Plaintiff reasonably believes that the actions to place Plaintiff on a PIP and to transfer Plaintiff , and to ban Plaintiff for entry to the Waverly branch were discriminatory based on and color animosity against Plaintiff as an African American.

33. Defendants had actual and/or constructive knowledge of the racially motivated discriminatory treatment against Plaintiff, and not only failed to take prompt and adequate remedial action, but instead, condoned the discriminatory treatment of Plaintiff.

34. As a direct, foreseeable, and proximate result of Defendants' unlawful actions, and specifically Defendants' racially motivated discriminatory treatment, Plaintiff has suffered, loss of income, anxiety, emotional distress, humiliation, shame, and embarrassment.

WHEREFORE, Plaintiff prays judgment against the Defendants, in the amount of three hundred thousand dollars ($300,000.00), plus her attorney's fees, cost of suit incurred, and for other and such further relief as may be deemed just and appropriate.

## IX.  COUNT THREE
### (Age Discrimination in Violation of the ADEA & Section 1981)

35. Ms. Harvey incorporates all preceding and following paragraphs hereto, as though fully set forth herein, and further alleges that at all times relevant hereto Plaintiff was subjected to age discrimination by the Defendants.

36. Plaintiff is an employee within the meaning of the ADEA and belongs to the class of employees protected under the statute, namely, employees over the age of forty (40).

37. Defendants is an employer within the meaning of the ADEA.

38. Defendants intentionally discriminated against plaintiff because of her age in violation of the ADEA by placing Plaintiff on a PI, transferring Plaintiff away from Wavery and banning Plaintiff from entering Waverly, while replacing Plaintiff with individuals less than forty (40) years old.

39. Defendants' conduct was an intentional and willful violation of the ADEA. Plaintiff is entitled to an award of liquidated damages within the meaning of the ADEA.

40. As a direct, foreseeable, and proximate result of Defendants' unlawful actions, and specifically Defendants' racially motivated discriminatory disparate treatment, Plaintiff has suffered, loss of her employment, loss of income, denial of promotion, anxiety, emotional distress, humiliation, shame, and embarrassment.

WHEREFORE, Plaintiff prays judgment against Defendants, in the amount of three hundred thousand dollars ($300,000.00), plus her attorney's fees, cost of suit incurred, and for other and such further relief as may be deemed just and appropriate.

## X.   COUNT FOUR
### (Retaliation in Violation of Title VII & Section 1981)

41. Ms. Harvey incorporates all preceding and following paragraphs hereto, as though fully set forth herein, and further alleges that at all times relevant hereto Plaintiff was subjected to retaliation for engaging in protected activities in violation of Title VII and Section 1981.

42. Plaintiff reasonably believes that she engaged and was engaging in protected activities by reporting and complaining about the interference of officer Little-Staten into the allegations of unwanted advances by an elderly male custodian on a minor female staff at Waverly. Plaintiff's EEOC case also constitute a continuing protected activity of Plaintiff at all times relevant.

43. In response to Plaintiff's protected activities, Defendants pressured the Plaintiff to resign, issued Plaintiff a PIP, transferred Plaintiff from the Waverly branch and banned Plaintiff from entering the Waverly branch.  These constitutes adverse actions by Defendants against Plaintiff and was causally linked to Plaintiff's protected activities.

44. Defendants was fully aware of the retaliatory acts against Plaintiff detailed in the foregoing paragraphs and were deliberately indifferent by disregarding the known or obvious conduct toward the Plaintiff, and actually participated in the retaliation against Plaintiff.

45. As a direct and proximate result of the discriminatory retaliation, Plaintiff has suffered loss of income and benefits, and has suffered injury to her reputation, injury to her career, pain, mental anguish, and humiliation; and, faces irreparable harm and future losses.

WHEREFORE, Plaintiff prays judgment against Defendants, in the amount of three hundred thousand dollars ($300,000.00), plus her attorney's fees, cost of suit incurred, and for other and such further relief as may be deemed just and appropriate.

## XI.     PRAYER FOR RELIEF

WHEREFORE, Ms. Harvey prays that this court enter judgment in her favor and grant Ms. Harvey the maximum of relief allowed by law, including, but not limited to:

(a)     compensatory damages of $900,000;

(b)     a declaration that Defendants' actions violated Title VII, and Section 1981;

(c)     attorney's fees, and costs;

(d)     both pre-judgment and post-judgment interest; and,

(e)     any such other relief as are just and equitable under the circumstances.

## XII.     JURY DEMAND

Ms. Harvey requests a trial by jury on all issues and Counts stated herein.

Respectfully Submitted,

*/s/ George Rose*
George A. Rose, Esquire
Federal Bar Number: 26086
Rose Law Firm, LLC
200 E. Lexington Street, Suite 1305
Baltimore, MD  21202
Ph: 410-727-7555 / Fax: 443-320-0962
Email: grose@roselawfirm.net

Attorney for *Plaintiff Ms. Ann Marie Harvey*