IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANN MARIE HARVEY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-0874 |
| ENOCH PRATT FREE LIBRARY, *et al.*, | * | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

In a Memorandum Opinion dated August 13, 2021 (ECF No. 28), this Court granted Defendants Enoch Pratt Free Library and Mayor and City Council of Baltimore's Motion for Summary Judgment (ECF No. 18) as to Plaintiff Ann Marie Harvey's one-count Amended Complaint (ECF No. 5). At the time this Court decided that motion, Plaintiff was represented by counsel. Now pending is Plaintiff's *pro se* Motion for Reconsideration. (ECF No. 28.) The parties submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Plaintiff's Motion for Reconsideration (ECF No. 28) is DENIED.

## STANDARD OF REVIEW

A plaintiff filing *pro se* is held to "less stringent standards" than is a lawyer, and the Court must liberally construe her claims, no matter how "inartfully" pled. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 724

(4th Cir. 2010) (observing that liberal construction of a complaint is particularly appropriate where a *pro se* plaintiff alleges civil rights violations).

The Federal Rules of Civil Procedure do not expressly provide for a "postjudgment 'motion for reconsideration.' Rather, they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, Civ. No. WDQ-05-0001, 2010 U.S. Dist. LEXIS 95988, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted).

Rule 59(e) of the Federal Rules of Civil Procedure expressly requires that a litigant move to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This Court entered judgment in favor of Defendants on August 13, 2021. (Order, ECF No. 27.) Thirty-one days later, on September 13, 2021, Plaintiff filed the presently pending motion. Because Plaintiff's Motion is untimely under Rule 59(e)—and therefore must fail—this Court reviews Plaintiff's Motion under Rule 60(b). *Cross*, 2010 U.S. Dist. LEXIS 95988, 2010 WL 3609530 at *2.

To support a motion under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assocs.*, 305 Fed. Appx. 987, 988 (4th Cir. 2009) (quoting *Dowell*

*v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). If these threshold requirements are met, the moving party must then show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). The moving party "must clearly establish the grounds therefore to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). "Rule 60(b) provides extraordinary relief and may only be invoked under 'exceptional circumstances.'" *Mines v. United States*, No. WMN-10-520, 2010 U.S. Dist. LEXIS 42332, at *2 (D. Md. April 28, 2010) (quoting *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1982)).

## ANALYSIS

Plaintiff argues that this Court erred as a matter of law by assuming facts that were in dispute or were untrue. Plaintiff has attached a seven-page affidavit and supporting exhibits to her Motion. (ECF No. 28.) Defendants argue that Plaintiff simply presents a self-serving affidavit that incorporates information available and known to her prior to the close of discovery in this matter. (ECF No. 29.) "[A] motion for reconsideration is not the proper place to relitigate a case after the court has ruled against a party." *Sanders v. Prince George's Pub. Sch. Sys.*, No. RWT 08cv501, 2011 U.S. Dist. LEXIS 107584, at *2 (D. Md. Sep. 20, 2011) (citations omitted). In ruling on Defendants' Motion for Summary Judgment, this Court

considered the evidence the parties submitted into the record after extensive discovery, including over 100 pages of exhibits provided by Plaintiff's counsel (ECF No. 24). A review of Plaintiff's *pro se* filing reveals no new information that would justify relief under Rule 60(b). Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 28) is DENIED.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 4th day of February, 2022, that Plaintiff's Motion for Reconsideration (ECF No. 28) is DENIED.

_____/s/_____
Richard D. Bennett
United States District Judge